(139 App. Div. 634.)

### EBLING BREWING CO. v. WEISEL.

(Supreme Court, Appellate Division, First Department. July 7, 1910.)

**1. GUARANTY (§ 91\*)—CREDITS—EVIDENCE.**

Where, in an action against a guarantor on an account secured by a chattel mortgage, defendant claimed that plaintiff agreed to deduct the license tax of the principal debtor from the amount of the original mortgage debt, together with 10 per cent. of the principal's beer sales per

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

week, if the principal sold $10,000 worth of beer gross per year, and it was conceded that during the whole 28 months the principal was in business his gross sales were $21,523.90, the principal was at most entitled to a credit allowance on the license tax of only $1,200.

[Ed. Note.—For other cases, see Guaranty, Dec. Dig. § 91.*]

2. GUARANTY (§ 87*)—BURDEN OF PROOF—ISSUES AND PROOF.

Where defendant was sued only as a guarantor that·W. would pay, at a future time, such a sum as might be due, the burden was on plaintiff to prove the amount then due; and hence defendant, under a general denial, was entitled to show that a lesser amount only was due.

[Ed. Note.—For other cases, see Guaranty, Dec. Dig. § 87.*]

Appeal from Trial Term, New York County.

Action by the Ebling Brewing Company against Joseph Weisel, continued after his death against Julie Weisel, as his executrix. From a judgment for plaintiff for less than the relief demanded, and from an order denying plaintiff's motion for a new trial, it appeals. Reversed, and new trial ordered.

Argued before INGRAHAM, P. J., and McLAUGHLIN, CLARKE, SCOTT, and MILLER, JJ.

William L. Cahn, for appellant.
Henry A. Blumenthal, for respondent.

SCOTT, J. Plaintiff appeals from a judgment in its favor, claiming that it was entitled to recover more than has been awarded to it. The action, which was brought originally against Joseph Weisel, and continued against his executrix, is based upon a written guaranty of payment of a chattel mortgage, executed by one Emil Weil to plaintiff. The mortgage was given to secure the sum, then due, of $3,622.39, and all other sums due or to become due. The controversy is as to the amount due. It appeared that plaintiff advanced to Weil $1,200 per annum to pay his liquor tax, which he repaid at the rate of $100 per month, except for one month. He also paid his bills for beer sold him by plaintiff, except for two weeks, amounting to $254.97. Plaintiff made him further cash loans, and allowed him, as against his indebtedness, 10 per cent. of his gross beer bills. The net result of these transactions is that there was due from Weil to plaintiff, according to the claim of the latter, $3,804.97 when the chattel mortgage was foreclosed. The foreclosure realized $1,000, and the plaintiff accordingly sued in this action for the balance of $2,804.97.

The defense was a general denial, and under it defendant undertook to prove that much less was due, claiming that by agreement between plaintiff and Weil the latter was entitled to a credit upon the mortgage debt of $2,768.40, being the aggregate amount which Weil had paid to plaintiff on account of license fees advanced by the latter. Weil testified that at the time the chattel mortgage was executed, Haebler, the plaintiff's representative, said that if he (Weil) "had sold $10,000 of beer gross per year that he would deduct the license tax paid from the amount of the original mortgage, along with the 10 per cent. which was paid every week." Haebler denied that

he had made any such agreement, and said that what he had agreed to was that, if Weil's sales amounted to $10,000 a year gross, plaintiffs would not charge him interest on the mortgage.   The verdict in favor of plaintiff for $36.57 indicated that the jury accepted Weil's version of the agreement, and credited him with the whole amount which he had repaid to plaintiff on account of license fees.

But, even if Weil's version of the agreement be accepted, the verdict, as it seems to us, was erroneous.   Weil testified generally that he did sell $10,000 worth of beer per year, but he gave no particulars.   He must have referred to only a single year, however; for he also testified that he kept account of the amount sold for only one year.   It was stipulated that 10 per cent. of the gross sales during the period that Weil was in business, 2 years and 4 months, amounted to $2,152.39, representing gross sales of $21,523.90.   It is impossible, therefore, to find upon these figures that his gross sales were at the rate of $10,000 per annum for the whole 28 months that he was in business.   Accepting Weil's testimony at its full value, it justifies no more favorable conclusion than that his sales during a single year amounted to $10,000 gross, which would entitle him to a credit of only $1,200, instead of $2,768.40, which the jury allowed.

The question whether it was competent for defendant to prove under a general denial facts in reduction of the amount claimed to be unpaid must be answered in defendant's favor.   The defendant was not sued upon an absolute promise to pay a definite sum, but only as a guarantor that another would pay at a future time such a sum as might then be due.   It was a part of plaintiff's case to prove what was then due, and the defendant could meet the allegations in that regard by showing that less was due than plaintiff claimed.   It is well settled that under a general denial a defendant may disprove whatever the plaintiff is called upon to prove.   We think it apparent from Weil's testimony that plaintiff is entitled to recover more than it has recovered, even if some deduction should be made from the amount claimed.

Judgment and order reversed, and new trial ordered, with costs to appellant to abide the event.   All concur.